**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 116214

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Isaac Jacobowitz,<br><br>    Plaintiff,<br><br>    vs.<br><br>William A. Hecht, P.C.,<br><br>    Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

  Isaac Jacobowitz (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against William A. Hecht, P.C. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

  1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

  2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

  3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

  4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Isaac Jacobowitz is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant William A. Hecht, P.C., is a New York Professional Corporation with a principal place of business in Westchester County, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated July 13, 2018. (**"Exhibit 1."**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19. A debt collector has the obligation, not just to convey the required information,

2

but also to convey such clearly, in a non-confusing and non-contradictory fashion.

20. In the context of confusion and inconsistency, a collection letter violates the FDCPA where it is confusing from the perspective of the least sophisticated consumer.

21. The Letter states, "DOS: *May include multiple accounts."

22. The least sophisticated consumer would be unable to determine what debt or debts Defendant was seeking to collect.

23. The least sophisticated consumer would be unsure whether the Letter concerned a single debt or multiple debts.

24. The least sophisticated consumer would be confused as to what debt or debts Defendant was seeking to collect.

25. The least sophisticated consumer would be uncertain as to what debt or debts Defendant was seeking to collect.

26. The least sophisticated consumer would be confused as to whether the Letter concerned a single debt or multiple debts.

27. The least sophisticated consumer would be uncertain as to whether the Letter concerned a single debt or multiple debts.

28. The least sophisticated consumer would be unable to determine the amount of the debts.

29. The least sophisticated consumer would be unable to identify the debts.

30. The least sophisticated consumer's ability to determine the true amount of the debt would be impaired.

31. The least sophisticated consumer's ability to identify the debts would be impaired.

32. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g.

### SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

33. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

34. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

35. While Section 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

36. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

37. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

38. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

39. The least sophisticated consumer could read the Letters to have two or more meanings, one of which is inaccurate.

40. The least sophisticated consumer could read the Letter to mean that Defendant is attempting to collect "multiple accounts" that have not been properly disclosed.

41. The Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

42. The least sophisticated consumer could read the Letter to mean it was for a single debt.

43. The least sophisticated consumer could read the Letter to mean it was for multiple debts.

44. These multiple interpretations would hamper the least sophisticated consumer's ability to respond to the collection letter.

45. As one of these reasonable interpretations of the Letter must be false, the Letter is deceptive within the meaning of 15 U.S.C. § 1692e.

46. As the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as explained, the Letter is deceptive within the meaning of 15 U.S.C. § 1692e.

## JURY DEMAND

47. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Damages against Defendant pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

DATED: April 1, 2019

                                             **BARSHAY SANDERS, PLLC**

                                             By:  /s/ *Craig B. Sanders*_____
                                             Craig B. Sanders, Esq.
                                             100 Garden City Plaza, Suite 500
                                             Garden City, New York 11530
                                             Tel: (516) 203-7600
                                             Fax: (516) 706-5055
                                             csanders@barshaysanders.com
                                             *Attorneys for Plaintiff*
                                             Our File No.: 116214